# CHARLESTON.

SCHMULBACH BREWING CO. v. HENAGHEN *et als.*

Submitted January 20, 1914.    Decided February 10, 1914.

CHATTEL MORTGAGES—*Possession—Retention by. Mortgagor—Validity.*

A deed of trust on furniture and fixtures, situated in a saloon, and also on the liquor license and the lease of the building in which the business is conducted, is not void per se as to such property because it also covers the stock of liquors and other consumable merchandise, employed in the business, and by the provisions of the trust the property covered thereby is left in the possession of the owner until default in payment of the debt secured, or until sold.

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Harrison County.

Suit by the Schmulbach Brewing Company against Thomas A. Henaghen and others. From the decree, plaintiff appeals.

*Affirmed in part.    Reversed in part.    Remanded.*

*Davis, Swartz & Templeman,* for appellant.

*Harvey F. Smith,* for appellees.

MILLER, PRESIDENT:

The object of the bill was the appointment of a special receiver to sequester Henaghen's property, consisting of bar fixtures, lease and license, and a stock of liquors, covered by a deed of trust in favor of plaintiff, and alleged to constitute a first and prior lien on the fixtures, lease and liquor license, as against Henaghen and all his creditors, and as against Henaghen, a first lien also on said stock of liquors, &c., to enforce said lien, to convene the creditors, and for general relief.

A special receiver was appointed who sold the property, and the cause was referred to a commissioner, who by the first and second paragraphs of his report, excepted to by sundry

other creditors, reported, among other things, net proceeds of the sale of the fixtures, furniture, leasehold estate and license, $2,890.40, and of the merchandise stock in trade, $1,-172.40, and that the first lien on the first mentioned sum was the trust lien in favor of plaintiff, amounting to $2,168.57.

The decree appealed from, among other things, sustained the exceptions of creditors to the report of the commissioner, respecting the separation or apportionment of the proceeds of the sale of said property, and the priority of the trust lien of plaintiff, and adjudged plaintiff's deed of trust to be void, of no effect as a lien as against the other creditors of said Henaghen, and that plaintiff had no lien by virtue of said trust upon said fixtures, furniture, &c., or the proceeds of the sale thereof, and these rulings of the court below are assigned as errors, and are the only errors relied on for reversal.

We are of opinion that the report of the commissioner was right and that the decree appealed from, in so far as it sustains exceptions thereto, is erroneous and should be so far reversed. The decree was most likely influenced by the principles enunciated in the recent case of *Gilbert* v. *Peppers,* 65 W. Va. 355. But in so far as the court undertook to apply the principles of that case to the fixed and unconsumable property covered by plaintiff's deed of trust we think it was in error. Plaintiff in its bill conceded the application of that case to the stock of liquors and other merchandise covered by its trust lien, but asserted the validity thereof on the furniture and fixtures and other imperishable property covered thereby, as against Henaghen and all other creditors, and good also as against Henaghen on all the other property.

The ground upon which *Gilbert* v. *Peppers,* and other cases like it, is based, is that while professing to secure the creditor such a deed of trust leaves the debtor in absolute control of the property and free to sell and appropriate the proceeds thereof to his own use, and for this reason void per se. But as applied to fixed property like bar fixtures and furniture, leaseholds and licenses, though employed in the business of merchandising, there is no more reason for applying the principles of *Gilbert* v. *Peppers,* to such property, than to any other kind of personal property. We think the correct rule

applicable to that class of property is laid down in *Bartles & Dillon* v. *Dodd,* 56 W. Va. 383. That case in effect holds that a deed of trust covering furniture and fixtures or other fixed and imperishable property is not void *per se,* because it also covers some perishable property, though left in the hands of the grantor until default in payment of the debt secured, or until sold. Where the reason for a rule is absent, as a general proposition, the rule should not be applied.

The question which we now decide was reserved in *Gilbert* v. *Peppers.* We, therefore, reverse the decree below, in so far as it sustains exceptions of creditors to the report of the commissioner, and denies to plaintiff the benefit of its trust lien on said imperishable property. In other respects the decree is confirmed.

And we remand the cause with directions to overrule said exceptions and to modify its decree so as to conform to said commissioner's report, and for further proceedings to be had according to the rules and principles governing courts of equity.

<div align="center">

*Affirmed in part. Reversed in part. Remanded.*